UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARITY PANTALION SEYMOUR,<br><br>    Plaintiff,<br><br>    v.<br><br>NATIONSTAR; MR. COOPER; US BANK N.A. AS TRUSTEE AND SUCCESSOR IN INTEREST TO BANK OF AMERICA, N.A., AS TRUSTEE, SUCCESSOR BY MERGER TO LA SALLE BANK NA AS TRUSTEE FOR MERRILL LYNCH MORTGAGE INVESTERS TRUST, RESMAE MORTGAGE CORPORATION MORTGAGE LOANS ASSET-BACKED CERTIFICATES SERIES 2006-RM5; WILSHIRE CREDIT CORPORAION HOME LOANS DIRECT; DE HDL INC.; LODES CAPITAL ESCROW COMPANY; and DOES 1-100,<br><br>    Defendants. | No. 2:19-cv-00564-MCE-KJN<br><br>**MEMORANDUM AND ORDER** |

///
///
///
///
///

1

Presently before the Court is a Motion to Dismiss Complaint of Plaintiff Charity Pantalion Seymour ("Plaintiff") filed by Defendants Nationstar, Mr. Cooper, and U.S. Bank National Association's ("U.S. Bank") (collectively, "Moving Defendants") pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] For the reasons set forth below, Moving Defendants' Motion is GRANTED.[2]

**BACKGROUND**

**A.    Factual Background**[3]

In 2003, Plaintiff purchased her home with a down payment of $45,000. In July 2006, Plaintiff received an advertisement from Home Loans Direct ("HLD") to refinance her home at a reduced mortgage of $1,200-1,500 per month. Jonathan Anett of HLD served as a loan consultant and promised Plaintiff verbally and in writing that she would obtain a refinanced loan at the advertised monthly rate. ResMAE Mortgage Corporation ("ResMAE") was the original lender. Ex. 1, Defs.' RJN, ECF No. 4-1. On August 4, 2006, Plaintiff refused to sign the loan because the payments and interest rates were higher than advertised. HLD and ResMAE told Plaintiff that if she agreed to pay $4,800 a month for six months, then she would obtain the advertised rates. When Plaintiff still refused to sign, HLD promised in writing that it would refinance the loan at the rate she wanted if she agreed to pay $4,800 a month for six months. Plaintiff agreed and signed the loan. The Deed of Trust, recorded in the San Joaquin County Recorder's Office on August 16, 2006, identified Mortgage Electronic Registration Systems, Inc. ("MERS") as the nominal beneficiary for the original lender ResMAE. Ex. 1, Defs.' RJN, ECF No. 4-1.

---

[1] Plaintiff additionally seeks redress from Wilshire Credit Corporation Home Loans Direct, DE HDL Inc., and Lodes Capital Escrow Company. Because the present Motion is brought by Nationstar, Mr. Cooper, and U.S. Bank, the scope of the Court's Memorandum and Order is limited to those Defendants.

[2] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

[3] Unless otherwise noted, the following recitation of facts is taken, sometimes verbatim, from Plaintiff's Complaint. ECF No. 1.

After six months of successful payments, Plaintiff contacted HLD and demanded a lower rate as promised. When Plaintiff failed to receive a response from HLD, Plaintiff sent a demand letter to Wilshire Credit Corporation ("Wilshire"), the loan servicer at the time, to resolve the misrepresentations.[4] Plaintiff hired legal counsel and on July 14, 2008, counsel served a rescission of the loan on HLD, stating that HLD's security interest was void and thus Plaintiff was entitled to reimbursement for all the money paid in connection with the loan. A second rescission was served on ResMae and Wilshire in 2009. Efforts to resolve the rescission failed.

On June 30, 2009, Bank of America National Association ("BOA"), as the new servicer and successor-in-interest, filed the first Notice of Default and pursued a foreclosure following Plaintiff's failure to make payments. Ex. 4, Defs.' RJN, ECF No. 4-1. Two months later, a Corporate Assignment of Deed of Trust was recorded in the San Joaquin County Recorder's office, in which MERS assigned beneficial interest in the Deed of Trust to U.S. Bank as successor trustee to BOA. Ex. 2, Defs.' RJN, ECF No. 4-1. In October of that same year, Plaintiff filed for bankruptcy protection to stop the sale, but the issue of rescission was not resolved during those proceedings. Shortly thereafter, BOA transferred servicing of the loan to Nationstar who proceeded to file and record another Notice of Default and Notice of Sale.

To date, Plaintiff's property has not been sold. On December 26, 2018, a Notice of Trustee's Sale against Plaintiff's property was recorded, but no trustee's sale has occurred. Ex. 5, Defs.' RJN, ECF No. 4-1.

**B.     Procedural History**

On August 17, 2009, Plaintiff as a pro se litigant filed a complaint with this Court, setting forth the following causes of action ("COAs"):  (1) violation of the Truth in Lending Act ("TILA"); (2) violation of the Real Estate Settlement Procedures Act ("RESPA"); (3) unlawful business practices under California Business and Professions Code §

---

[4] The Court notes that the dates provided by Plaintiff do not correlate to the facts. Here, Plaintiff signed the loan in August 2006, but says on February 11, 2008, "one (1) month past the agreed six months," she sent a demand letter. See Compl., ECF No. 1, ¶¶ 21, 22.

17200 ("§ 17200"); (4) fraud; (5) breach of fiduciary duty; (6) negligence; (7) violation of Cal. Civ. Code § 2923.6; (8) various securities-related violations; and (9) violation of California's Rosenthal Act ("Seymour I"). Ex. 6, Defs.' RJN, ECF No. 4. Defendants Wilshire, MERS, Merrill Lynch Mortgage Investors, Inc., and Merrill Lynch Investors Trust Series 2006 RM5 filed a motion to dismiss, and ResMAE subsequently filed its own motion to dismiss. On May 13, 2010, the magistrate judge issued an Order and Findings and Recommendations, which recommended Defendants' motions to dismiss be granted and that Defendants be dismissed with prejudice. The magistrate judge considered Plaintiff's TILA and RESPA claims, but declined to exercise supplemental jurisdiction over the state law claims. First, the magistrate judge found that Plaintiff's TILA claim was barred by the statute of limitations, that Plaintiff failed to show an ability to tender loan proceeds, and that Plaintiff's transaction was a "residential mortgage transaction" within the meaning of 15 U.S.C. § 1602, which exempted Plaintiff from rescission rights. Ex. 8, Defs.' RJN, ECF No. 4-1, at 8. Second, Plaintiff's RESPA claim failed because she did not provide any facts showing she made a qualified written request to Wilshire or that Wilshire failed to provide information as required by statute. Id. at 9. This Court adopted the findings and recommendations, and the Ninth Circuit Court of Appeals affirmed that decision. Exs. 7 and 10, Defs.' RJN, ECF No. 4-1.

On January 22, 2019, Plaintiff initiated the present action in the San Joaquin County Superior Court, asserting the following COAs: (1) violation of TILA; (2) violation of RESPA; (3) unlawful business practices under §§ 17200 et seq.; (4) fraud, intentional misrepresentation, and false promises; (5) breach of contract and fiduciary duty; (6) negligence; (7) violation of California Civil Code § 2923.6; (8) slander of title; (9) violations of TILA, RESPA, and the Home Ownership and Equity Protection Act ("HOEPA");[5] (10) intentional infliction of emotional distress; (11) negligent infliction of emotional distress; (12) violation of the Homeowner's Bill of Rights; and (13) violation of the Fair Debt Collections Practices Act ("FDCPA") ("Seymour II"). Ex. A, ECF No. 1.

---

[5] The Court notes that this COA is based solely on violations of TILA.

4

1  Moving Defendants removed this action to this Court on April 1, 2019, and subsequently
2  filed the present Motion.  ECF Nos. 1, 3.

**STANDARD**

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party.  <u>Cahill v. Liberty Mut. Ins. Co.</u>, 80 F.3d 336, 337-38 (9th Cir. 1996).  Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)).  A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations.  However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  <u>Id.</u> (internal citations and quotations omitted).  A court is not required to accept as true a "legal conclusion couched as a factual allegation."  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Twombly</u>, 550 U.S. at 555).  "Factual allegations must be enough to raise a right to relief above the speculative level."  <u>Twombly</u>, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief."  <u>Twombly</u>, 550 U.S. at 555 n.3 (internal citations and quotations omitted).  Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."  <u>Id.</u> (citing Wright &

Miller, supra, at 94, 95). A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend). Not all of these factors merit equal weight. Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)). Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

///
///
///
///
///
///

**ANALYSIS**

Moving Defendants argue that Plaintiff's present complaint is barred by the doctrines of res judicata and collateral estoppel because the facts alleged in Seymour I are identical to the facts alleged in Seymour II. The Court first addresses Plaintiff's federal COAs, then turns to the state law COAs.[6]

### A. Moving Defendants' Request for Judicial Notice

The court may take judicial notice of public records "without converting a motion to dismiss into a motion for summary judgment." Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001). Moving Defendants ask the Court to take judicial notice of two sets of documents. The first set of documents was recorded in the San Joaquin County Recorder's Office: (1) deed of trust, (2) corporate assignment of deed of trust, (3) substitution of trustee, (4) notice of default, and (5) notice of trustee's sale. As undisputed matters of public record, the Court may take judicial notice of their existence. See Lee, 250 F.3d at 688-89.

The second set of documents was filed in this Court: (1) complaint, (2) docket report, (3) order and findings and recommendations, (4) order, and (5) the Ninth Circuit Court of Appeal's order. Materials from a proceeding in another tribunal are appropriate to be judicially noticed. Biggs v. Terhune, 334 F.3d 910, 916 n.3 (9th Cir. 2003); MGIC Indemnity Corp. v. Weisman, 803 F.2d 500, 504-05 (9th Cir. 1986) (taking judicial notice of allegations made in a motion to dismiss and supporting memorandum filed in a different federal court action). "When a court takes judicial notice of another court's opinion, it may do so 'not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity.'" Lee, 250 F.3d at 690 (quoting Southern Cross Overseas Agencies, Inc. v. Wah Kwong

---

[6] Moving Defendants' Motion to Dismiss generally asserts both res judicata and collateral estoppel as bars to Seymour II. See Defs.' Mot. Dismiss, ECF No. 3, at 5. However, in their Reply brief to Plaintiff's Opposition, Moving Defendants argue that res judicata bars Plaintiff's federal COAs whereas collateral estoppel bars Plaintiff's state law COAs. Defs.' Reply, ECF No. 15, at 5.

Shipping Grp. Ltd., 181 F.3d 410, 426-27 (3rd Cir. 1999)). Accordingly, since the cited documents are all public records filed in this Court, the Court will take judicial notice of the requested documents. However, the Court notices only the existence of documents and not the truth of the facts recited therein.

**B.    Federal COAs**

Claim preclusion "bars litigation in subsequent action of any claims that were raised or could have been raised in the prior action." Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001) (internal quotation marks omitted). Under federal law,[7] the doctrine of claim preclusion "is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties." Id. Here, the doctrine of claim preclusion will be applied to Plaintiff's present federal claims: (1) TILA (First COA); (2) RESPA (Second COA); (3) TILA, RESPA, and HOEPA (Ninth COA); and (4) FDCPA (Thirteenth COA).

**1.    Identity of Claims**

"The central criterion in determining whether there is an identity of claims between the first and second adjudications is whether the two suits arise out of the same transactional nucleus of facts." Id. at 714. The Court must also consider: "(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts." See Headwaters Inc. v. United States Forest Serv., 399 F.3d 1047, 1052 (9th Cir. 2005) (quoting Costantini v. Trans World Airlines, 681 F.2d 1199, 1201-02 (9th Cir. 1982)).

In most cases, "the inquiry into the 'same transactional nucleus of facts' is essentially the same as whether the claim could have been brought in the first action."

---

[7] Defendants removed this case from California state court on the basis of federal question jurisdiction. ECF No. 1. Federal preclusion rules apply in cases where federal-court jurisdiction is based on the presence of a federal question. See Taylor v. Sturgell, 553 U.S. 880, 891 (2008).

8

1  United States v. Liquidators of European Fed. Credit Bank, 630 F.3d 1139, 1151
2  (9th Cir. 2011).  "A plaintiff need not bring every possible claim.  But where claims arise
3  from the same factual circumstances, a plaintiff must bring all related claims together or
4  forfeit the opportunity to bring any omitted claim in a subsequent proceeding."  Turtle
5  Island Restoration Network v. U.S. Dep't of State, 673 F.3d 914, 918 (9th Cir. 2012).
6  "Newly articulated claims based on the same nucleus of facts may still be subject to a
7  [claim preclusion] finding if the claims could have been brought in the earlier action."
8  Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency, 322 F.3d 1064, 1078
9  (9th Cir. 2003); United States ex rel. Barajas v. Northrup Corp., 147 F.3d 905, 909 (9th
10 Cir. 1998) ("It is immaterial whether the claims asserted subsequent to the judgment
11 were actually pursued in the action that led to the judgment; rather, the relevant inquiry
12 is whether they could have been brought.").

13       Plaintiff's federal COAs are either the same as the claims brought in Seymour I or
14 they are claims that could have been raised because they arise out of the "same
15 transactional nucleus of fact."  Both complaints stem from the purported rescission and
16 occurrences involving the handling of the purported rescission and loan default.[8]
17 Plaintiff essentially faults the Moving Defendants for moving forward with the foreclosure
18 despite her purported rescission:

> Defendants have continued to set the home for sale. Plaintiffs have advised Defendants Mr. Cooper of the history of the loan and rescission and provided them with the documents as proof.  Mr. Cooper on behalf of Nationstar, Bank of America et al have filed and recorded a Notice of Default and Notice of Sale as they have failed to recognize the Plaintiff's rights in rescission.  Nationstar/Mr. Cooper have chosen to ignore the history of the loan . . . .  Mr. Cooper has consistently failed to acknowledge rescission and have consistently denied Plaintiff's counsel from speaking with Mr. Cooper either with Plaintiff on the phone or without.

25 Compl., ECF No. 1, ¶ 30; see also Pl.'s Opp., ECF No. 13, at 4.  However, this Court in

---

[8] See, e.g., Compl., ECF No. 1, ¶ 149 (alleging under her FDCPA COA that she was "subjected to collection calls seeking amounts she does not owe" and that Moving Defendants "added late fees and reported her failure to pay to credit bureaus while she was paying the agreed upon loans and after the Notice of Rescission.").

9

Seymour I established that there was no proper rescission, and this decision was affirmed by the Ninth Circuit. Allowing Plaintiff's duplicative complaint to move forward would set a terrible precedent. The prior judgment, standing alone, properly adjudicated the case which established that because Plaintiff failed to properly rescind her loan, the case could not stand. Therefore, the identity of claims prong is satisfied.

### 2. Final Judgment on the Merits

A dismissal for failure to state a claim constitutes a final judgment for purposes of claim preclusion analysis. Plaut v. Spendthrift Farm, Inc., 514 U.S. 211, 228 (1995). Plaintiff argues that because Seymour I did not address the state COAs, claim preclusion does not apply to Seymour II. See Pl.'s Opp. Mot. Dismiss, ECF No. 13, at 13 ("Here, the elements for Res Judicata are not present, there was not a finality of judgment, at least with respect to Plaintiff's state causes of action; hence there is no res judicata with respect to this Complaint."). Seymour I was dismissed with prejudice as to all claims and Defendants for failure to state a claim, which is considered a final judgment on the merits. Therefore, this element is met.[9]

### 3. Privity

"Privity . . . is a legal conclusion designating a person so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved." Headwaters Inc. v. U.S. Forest Serv., 399 F.3d 1047, 1052-53 (9th Cir. 2005) (internal citations and quotation marks omitted). "Even when the parties are not identical, privity may exist if 'there is substantial identity' between the parties, that is, when there is sufficient commonality of interest.'" Tahoe-Sierra Pres. Council, 322 F.3d at 1081 (quoting In re Gottheiner, 703 F.2d 1136, 1140 (9th Cir. 1983)). "[P]rivity is a flexible concept dependent on the particular relationship between the parties in each individual set of cases." Tahoe-Sierra Pres. Council, 322 F.3d at 1081.

///

---

[9] Plaintiff appears to concede that Seymour I ruled on her federal COAs. See Pl.'s Opp. Mot. Dismiss, ECF No. 13, at 13 ("The Court only exercised jurisdiction and ruled on the TILA and RESPA causes of action and declined to exercise supplemental jurisdiction over the state causes of action.").

1  Generally, "federal courts will bind a non-party whose interests were represented adequately by a party in the original suit." In re Schimmels, 127 F.3d 875, 881 (9th Cir. 1997).

Plaintiff argues the privity requirement fails because Moving Defendants were not parties to Seymour I, but she misunderstands the law. Privity exists because each Defendant has the same legal right with respect to the subject matter involved—the Deed of Trust and Plaintiff's property. Nationstar, as the current servicer of the loan, is in privity with Wilshire, the prior servicer of the loan. U.S. Bank, as the current trustee and successor-in-interest to beneficiary of deed of trust, is in privity with Merrill Lynch Investors Trust Series 2006 RM5 and Merrill Lynch Mortgage Investors, Inc., the trust and former beneficiaries. Therefore, there is privity between Defendants.

Since the requirements for claim preclusion are met, the Court finds that Moving Defendants' Motion to Dismiss must be GRANTED as to the federal COAs.[10]

### C. State COAs

Plaintiff's federal claims presently dismissed, the Court declines to exercise supplemental jurisdiction over the remaining state COAs. The Court need not address the merits of Moving Defendants' Motion to Dismiss with respect to the remaining state law COAs, as those issues are now moot.

///
///
///
///

---

[10] In her Opposition, Plaintiff argues the Supreme Court's holding in Jesinoski v. Countrywide Home Loans, Inc., 574 U.S. 259 (2015), should be applied retroactively to revive her TILA and RESPA claims. Pl.'s Opp. Mot. Dismiss, ECF No. 13, at 13-18. "Under controlling precedent from the Supreme Court and the Ninth Circuit, the fact that a judgment may have been wrong, or have rested on a since-repudiated legal principle, does not alter the claim preclusive effect of a final judgment." Roche Palo Alto LLC v. Apotex, Inc., 526 F. Supp. 2d 985, 999 (N.D. Cal. Sept. 11, 2007) (citing Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981)); see also Clifton v. Atty. Gen. of State of Cal., 997 F.2d 660, 663 (9th Cir. 1993) ("For us to conclude . . . that the district court's order has become an 'instrument of wrong' merely because it rests on a since repudiated rationale would be to nullify the doctrine of res judicata."). Plaintiff has not shown the Court why it should disturb its prior ruling and therefore, the Court declines to retroactively apply the holding in Jesinoski to revive Plaintiff's TILA and RESPA claims.

11

**CONCLUSION**

Based on the foregoing, Moving Defendants' Motion to Dismiss, ECF No. 3, is GRANTED without leave to amend.

IT IS SO ORDERED.

Dated: February 18, 2020

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE