UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARITY PANTALION SEYMOUR,<br><br>Plaintiff,<br><br>v.<br><br>WILSHIRE CREDIT CORPORATION HOME LOANS DIRECT, et al.,<br><br>Defendants. | No. 2:19-cv-00564-MCE-KJN<br><br>**MEMORANDUM AND ORDER** |

Plaintiff Charity Pantalion Seymour ("Plaintiff") is currently represented by attorney Dennise Suzanne Henderson ("Counsel") in this case challenging defects in connection with a mortgage refinance of her primary residence. Counsel has ignored multiple orders of this Court, including an Order to Show Cause ("OSC"), and effectively abandoned her client in the prosecution of this matter. For the reasons set forth below, the Court finds Counsel in civil contempt. See E.D. Local Rule 184(a).

**BACKGROUND**

In February 2020, this Court dismissed all claims against a number of Defendants to this action ("Moving Defendants"). Following an appeal by Moving Defendants, in

1

which the Court's decision was affirmed, the Court ordered the remaining parties to file a joint status report not later than January 21, 2022. ECF No. 28. The day prior to that deadline, Counsel emailed this Court's courtroom deputy, stating, in part, that she would file a status report but that it may be untimely. ECF No. 36, at 1–2. The courtroom deputy responded the following day, on January 21, 2022, directing Counsel to file the report by the end of the day. Id. at 2. On February 3, 2022, almost two weeks after the deadline, Counsel emailed the courtroom deputy again, stating that she had the flu but that she would file the status report before midnight. Id. at 3. She did not.

Consequently, on February 22, 2022, the Court issued an OSC in writing as to why sanctions should not be imposed and/or why this action should not be dismissed. ECF No. 29. Plaintiff herself filed a motion for an extension of time to respond to the OSC on March 2, 2022, stating that Counsel "has not been responding to [her] pleas for her to file the necessary paperwork in response to" the OSC, "notwithstanding [Counsel's] emailed assurance as late as yesterday, March 1." ECF No. 31. That same day, counsel that had represented Plaintiff in her appeal ("Appellate Counsel") filed his own declaration, stating that his understanding was that Counsel "was to communicate with [Plaintiff] so [Plaintiff] could decide what to do with her state law claims," but he did "not know the results of those discussions." ECF No. 30 ¶ 3.[1] Appellate Counsel further averred that he believed Counsel "planned either to settle the state law claims or pursue them on remand to the state court." Id. Counsel herself, however, never filed a response to the OSC.

On March 10, 2022, given Counsel's failings, the Court ordered her to personally pay sanctions in the amount of $500 to the Clerk of Court within ten (10) days. ECF No. 32. Counsel was also ordered to file a substitution of attorney form, to inform the Court if Plaintiff wished to continue proceeding with Counsel representing her, or to file a noticed motion to withdraw as counsel. Id. at 1–2. The Court made clear that "[f]ailure

---

[1] The Court had declined to exercise supplemental jurisdiction over Moving Defendants' state law claims, so they were not dismissed on the merits.

to timely comply with this order [would] result, with no further notice to the parties, in further sanctions in excess of $1,000 that will be reported to the State Bar." Id. at 2. Plaintiff's motion for an extension of time was denied as moot. Id. To date, Counsel has not paid the $500 sanctions or otherwise respond to this order.

Unsurprisingly, then, on May 13, 2022, the Court sanctioned Counsel again, this time in the amount of $1,100, and ordered Counsel to "pay those sanctions, in addition to the $500, to the Clerk of Court" within five (5) days. ECF No. 33. Counsel was also "directed to provide notice of this Order to the State Bar of California." Id. (citing Cal. Bus. & Prof. Code § 6068(o)(3)). Counsel blatantly ignored these directives as well. Moreover, according to Plaintiff, Counsel had stopped communicating with her "before she was first sanctioned by the court for not responding to [the] Court's Orders." ECF No. 34, at 2.

Given Counsel's apparent desertion of her, Plaintiff would now prefer to proceed pro se, but she is unable to do so while Counsel remains her attorney of record. See ECF Nos. 34, 35; see, e.g., Meador v. Hammer, No. 2:11-cv-03342 KJM AC P, 2015 WL 1238363, at *2 (E.D. Cal. Mar. 16, 2015) (stating a court will disregard pro se filings as long as a party is represented by counsel). To that end, the Court's courtroom deputy once again attempted to contact Counsel directly, which proved to be more complicated than one would expect because there are multiple discrepancies with the contact information she had provided to this Court. First, the docket in the present case lists a Sacramento, California, address and phone number and states that Counsel works at the Law Office of Dennise Henderson. Second, however, in Counsel's January 20, 2022, email to the courtroom deputy, her signature block indicates that she works for Mastagni Holdstedt, A.P.C., also in Sacramento, California. See ECF No. 36, at 1–4. Finally, her attorney profile on the State Bar of California's website shows that she instead works for the Matian Law Firm in San Jose, California ("Matian").[2] The Court has confirmed that this last firm is where Counsel is actually employed.

---

[2] https://apps.calbar.ca.gov/attorney/Licensee/Detail/208640 (last accessed February 17, 2023).

3

Accordingly, on February 15, 2023, the courtroom deputy spoke by phone to a "supervisor" at Matian who verified that Counsel worked there. See ECF No. 36, at 10. The courtroom deputy then emailed Counsel directly at her Matian email address instructing her to contact the Court "on or before noon on February 16, 2023, with 1) a status update regarding [this] case and [her] client, 2) the status of unpaid sanctions imposed . . ., and 3) to confirm notice of His Honor's May 13, 2022 Order (ECF No. 33) was provided to the State Bar of California." Id. Counsel responded to the email that same day, stating as follows:

> thank you – [I] have been dealing with two emergencies in my family . . . [I] will take care of this right [away] – [I] work for a firm that has me driving 40 [hours] a week = and that does not count my trial [practice] and court and [attorney] work time. I am sorry for the delay - kept trying to find the original notes from when you called the firm and the email originally sent.

Id. at 9. The courtroom deputy again directed Counsel to provide responses to the Court's three questions by the noon February 16 deadline. Id. In response, attorney Henderson sent another email:

> Thank you for reaching out. I had not seen this and obviously dropped the ball not intentionally. If you could send me the original email or order I need to respond? [] I am trying to access all of this but have been on the road for this firm 40 [hours] a week not counting court and trial time. I will be back home in front of a computer within two [hours] and can respond and access everything. I am available by phone [number omitted].

Id. at 7. The Court has heard nothing since, and nothing has been filed.

///
///
///
///
///
///
///

4

## STANDARD

A district court has inherent authority to enforce compliance with its orders through a civil contempt proceeding. See Int'l Union, United Mine Workers of Am. v. Bagwell, 512 U.S. 821, 831 (1994). "The decision to hold a party in contempt of a court order rests with the sound discretion of the trial court." Transgo, Inc. v. Ajac Transmission Parts Corp., 768 F.2d 1001, 1022 (9th Cir. 1985).

Civil contempt "consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply." In re Dual-Deck Video Cassette Recorder Antitrust Litig., 10 F.3d 693, 695 (9th Cir. 1993); see also Bagwell, 512 U.S. at 827 (explaining that "civil contempt sanctions, or those penalties designed to compel future compliance with a court order, are considered to be coercive and avoidable through obedience, and thus may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard."). "A court may wield its civil contempt powers for two separate and independent purposes:  (1) to coerce the defendant into compliance with the court's order; and (2) to compensate the complainant for losses sustained." Shell Offshore Inc. v. Greenpeace, Inc., 815 F.3d 623, 629 (9th Cir. 2016) (citation and internal quotation marks omitted). "To establish civil contempt, [the moving party] bears the burden of showing (1) that [the alleged contemnor] violated the court order, (2) beyond substantial compliance, (3) not based on a good faith and reasonable interpretation of the order, (4) by clear and convincing evidence." Eaconomy, LLC v. Auvoria Prime, LLC, 482 F. Supp. 3d 1030, 1033 (E.D. Cal. 2020) (citation and internal quotation marks omitted). Willfulness or intent are not required. See Dual-Deck, 10 F.3d at 695. Once the initial burden has been met, the burden is then shifted to the contemnor to show that they have "performed all reasonable steps within their power to insure compliance with the court's orders." Stone v. City and Cnty. of San Francisco, 968 F.2d 850, 856 & n.9 (9th Cir. 1992) (citation and internal quotation marks omitted). Upon a finding of civil contempt, a court has the

power to either order monetary sanctions or issue a bench warrant for the contemnor's arrest. See Rob Kolson Creative Prod., Inc. v. Stander, No. CV 18-6789 VAP (GJSx), 2020 WL 4334116, at *8 (C.D. Cal. May 20, 2020).

**ANALYSIS**

The Court finds that all the requirements for civil contempt have been met here and that the following determinations are supported by clear and convincing evidence. As detailed above, Counsel has had over a year to comply with an OSC (ECF No. 29) and specific court orders to pay monetary sanctions (ECF Nos. 32, 33), provide notice of those sanctions to the State Bar of California (ECF No. 33), and withdraw as Plaintiff's counsel in accordance with the Federal and Local Rules (ECF No. 32).  However, she has not complied with, responded to, or otherwise acted upon any of those orders.[3]  Nor has Counsel substantively responded to the recent questions posed to her by the courtroom deputy.

On top of that, Counsel has directly admitted that she has made no effort to comply with the Court's orders, confessing that she "obviously dropped the ball."  ECF No. 36, at 7.  She indicated vaguely that she is dealing with family emergencies, but not how these emergencies kept her from performing her duties for over a year.  See id. at 7, 9.  The Court also finds Counsel's reliance her schedule and workload unpersuasive. Practicing attorneys across the board juggle incredible demands on their time.  If Counsel is unable to do so, it is her responsibility to make adjustments to her case load. Ignoring the Court and abandoning her client are not options.  Finally, even if the Court accepted Counsel's specious claim that none of her failures were intentional, it would make no difference.  See Perry v. O'Donnell, 759 F.2d 702, 705 (9th Cir. 1985) ("[C]ivil

---

[3] Because this Court has communicated with Counsel through formal orders, including an OSC, and by email, the Court does not believe a formal civil contempt hearing is necessary.  Specifically, the Background Section above sufficiently demonstrates that Counsel repeatedly had both notice and opportunities to be heard as to her noncompliance.  The Court also has no reason to believe that Counsel would respond to a notice regarding a contempt hearing any more than she has responded to anything e

contempt may be established even though the failure to comply with the court order was unintentional."). Ignoring the Court on this many occasions, however, can only be considered deliberate, especially because, upon review of Counsel's other cases in this District, it is evident that Counsel has managed to appear in those, albeit because she was facing sanctions there as well. See, e.g., Mountjoy v. Bank of Am., N.A., No. 2:15-cv-02204-DAD-DB (E.D. Cal.).[4]

Because Counsel completely failed to comply with any of the Court's directives for over a year, there is no question as to whether any substantial compliance occurred. There is also absolutely no evidence supporting the notion that Counsel's noncompliance was based on any good faith or reasonable interpretation of the Court's orders. The Court thus finds that attorney Henderson cannot meet her burden in showing that she "performed all reasonable steps within [her] power to insure compliance with the court's orders." See Stone, 968 F.2d at 856 & n.9.

In addition, the Court specifically finds that issuing further monetary sanctions would be futile. See United States v. Flores, 628 F.2d 521, 527 (9th Cir. 1980) (acknowledging that the court "should apply the least coercive sanction (e.g., a monetary penalty) reasonably calculated to win compliance with its orders.") (citation omitted). This Court has already sanctioned Counsel in the amounts of $500 and $1,100, respectively, to no avail. As such, the Court is not convinced that issuing another round of monetary sanctions would do anything to instigate her into action.

At base, this Court has never been confronted with such a complete disregard of its orders coupled with such outright indifference to a client by an attorney. Counsel has been afforded more than sufficient time and opportunity to rectify her failures and has left the Court with no choice but to find her in civil contempt and issue a bench warrant for her arrest. Counsel "carries the keys of [her] prison in [her] own pocket" and can purge

---

[4] The Court also rejects any contention that Counsel was unaware of any of the Court's orders. See id. at 7 ("I had not seen this . . ."). Counsel has a duty to keep the Court and her client apprised of her contact information, and, regardless, her email address on the instant case is to a "Yahoo" account, for which there is no reason to believe Counsel does not retain access.

the contempt order by complying with the court orders, which she should have done over a year ago.  See Bagwell, 512 U.S. at 828 (citation and internal quotation marks omitted).

## CONCLUSION

For the foregoing reasons, the Court finds attorney Dennise Suzanne Henderson in civil contempt.  A bench warrant is hereby ISSUED for the arrest of Dennise Suzanne Henderson to compel her appearance before the undersigned, her compliance with court orders, and any other penalty the Court may deem appropriate.  The Clerk of Court is directed to serve a copy of the bench warrant on the United States Marshal who shall execute this bench warrant forthwith.  Attorney Henderson shall remain in custody until she complies with the previous orders or further orders issued by this Court.

IT IS SO ORDERED.

Dated:  February 21, 2023

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE