UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARITY PANTALION SEYMOUR, | No. 2:19–cv–00564–KJM–KJN PS |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| WILSHIRE CREDIT CORPORATION HOME LOANS DIRECT, ET AL., | |
| Defendants. | |

On June 29, 2023, the assigned district judge reassigned this case to the undersigned due to plaintiff's pro se status. (ECF No. 51.) See also L.R. 302(c)(21). On September 11, 2023, plaintiff filed a motion to appoint counsel in this case. (ECF No. 56.) Because plaintiff has not set forth exceptional circumstances, the undersigned recommends denying plaintiff's motion to appoint counsel.

Further, the assigned district judge has dismissed defendants Nationstar, Mr. Cooper, and U.S. Bank from this action; thus only defendants Wilshire Credit Corporation Home Loans Direct, DE HDL INC., and Lodes Capital Escrow Company remain. (See ECF No. 21.) Though the remaining defendants have not appeared or moved to dismiss, the undersigned further recommends dismissing the remaining defendants sua sponte and closing this case.

////

1

I.      Motion to Appoint Counsel, ECF No. 56

Under Title 28 U.S.C. § 1915, this court has discretionary authority to appoint counsel for an indigent to commence, prosecute, or defend a civil action. See 28 U.S.C. § 1915(e)(1) (stating the court has authority to appoint counsel for people unable to afford counsel).  However, motions to appoint counsel in civil cases are granted only in "exceptional circumstances." United States v. McQuade, 519 F.2d 1180, 1181 (9th Cir. 1978).  The court may consider many factors to determine if exceptional circumstances warrant appointment of counsel including, but not limited to, proof of indigence, the likelihood of success on the merits, and the ability of the plaintiff to articulate his or her claims pro se in light of the complexity of the legal issues involved. Id. Here, plaintiff has not alleged exceptional circumstances that warrant appointing counsel. Accordingly, the undersigned recommends that the motion to appoint counsel be DENIED.

II.     Nonmoving defendants

A district court may, sua sponte, dismiss defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related." Silverton v. Dep't of Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981).  "Such a dismissal may be made without notice where the [plaintiffs] cannot possibly win relief." Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987).  The court's authority in this regard includes sua sponte dismissal as to defendants who have not been served and defendants who have not yet answered or appeared. Columbia Steel Fabricators, Inc. v. Ahlstrom Recovery, 44 F.3d 800, 802 (9th Cir. 1995) ("We have upheld dismissal with prejudice in favor of a party which had not yet appeared, on the basis of facts presented by other defendants which had appeared"); see also Bach v. Mason, 190 F.R.D. 567, 571 (D. Idaho 1999); Ricotta v. California, 4 F. Supp. 2d 961, 978-79 (S.D. Cal. 1998).

Plaintiff's entire complaint concerns the alleged loan recission and impending foreclosure of her home. (See generally ECF No. 1.)  The moving defendants (Nationstar, Mr. Cooper, and U.S. Bank) are successors-in-interest to the non-moving and remaining defendants (Wilshire Credit Corporation Home Loans Direct, DE HDL INC., and Lodes Capital Escrow Company). (Id.)  The district judge has already determined that plaintiff's claims against the moving

defendants are barred by res judicata.  (ECF No. 21.)  The same preclusion principles apply to the remaining defendants, especially because the non-moving defendants were named as parties to the original action in which a final decision on the merits was rendered.  <u>Pantalion v. ResMAE Mort. Corp.</u>, No. 2:09-CV-02262-MCE-GGH, at *1 (E.D. Cal. June 23, 2010).  Accordingly, the court recommends DISMISSAL of the non-moving defendant's claims.

## FINDINGS AND RECOMMENDATIONS

Accordingly, the undersigned HEREBY RECOMMENDS that:

1) The Motion to Appoint Counsel, ECF No. 56, be DENIED;

2) This action be dismissed as to the remaining defendants; and

3) The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  October 10, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

seym.0564

3